UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 23CR2135-LAB |
|---|---|
| Plaintiff, | |
| vs. | JUDGMENT AND ORDER OF DISMISSAL |
| JUAN VIANA-HERNANDEZ, | |
| Defendant. | |

IT APPEARING that the defendant is now entitled to be discharged for the reason that:

☐ an indictment has been filed in another case against the defendant and the Court has granted the motion of the Government for dismissal of this case, without prejudice; or

☒   See attached Minute Order.

☐ the Court has granted the motion of the Government for dismissal, without prejudice; or

☐ the Court has granted the motion of the defendant for a judgment of acquittal; or

☐ a jury has been waived, and the Court has found the defendant not guilty; or

☐ the jury has returned its verdict, finding the defendant not guilty;

☒ of the offense(s) as charged in the Information:

8:1324(a)(2)(B)(iii) - Bringing in Aliens Without Presentation (Felony)

Dated:  4/22/2024

Hon. Larry Alan Burns
United States District Judge

## MINUTE ORDER OF THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Case Name: **United States v. Juan Viana-Hernandez**          Case Number: **23cr2135-LAB**

Hon. Larry Alan Burns          Ct. Deputy: T. Weisbeck

On April 22, 2024, the Court held a Show Cause Hearing. Without objection by the Government, the Court granted Defendant's uncontested motion to withdraw his guilty plea.

The Court finds the Government failed to show cause why this case should not be dismissed with prejudice based on the refusal of the U.S. Bureau of Prisons ("BOP") to carry out the sentence the Court lawfully imposed on February 20, 2024, and other uncontested misconduct committed by BOP officials.

For reasons comprehensively explained in the record, the Court finds that BOP's asserted justification for refusing to permit the Defendant to serve his sentence of intermittent confinement at the San Diego Metropolitan Correctional Center (MCC) is pretextual. The Court further finds that BOP's proposal that Defendant serve intermittent confinement in BOP facilities located more than 100 miles from San Diego thwarts and frustrates the Court's intent and purpose in ordering intermittent confinement.

As reflected in the transcript of proceedings, the Court thoroughly explored and considered several sentencing alternatives before concluding that other options were either unfeasible or unreasonable considering the Defendant is employed full time in San Diego and works Monday – Friday until 5:00 p.m. The Government concedes that bed space is currently available in the MCC and that MCC personnel can effectively manage institutional security by segregating the Defendant from the general population during confinement. The Defendant and his counsel do not object to him being placed in segregated custody while he completes the imposed intermittent confinement. Considering the Defendant's willingness to be housed separately from the general population and the availability of such separate housing at the MCC, requiring the Defendant to serve intermittent confinement in BOP facilities located more than 100 miles from San Diego poses an unacceptable and unnecessary hardship on the Defendant. The Court reiterates that BOP's purported security concerns, peculiar to the MCC, are pretextual. The Government offers no explanation why placing the Defendant in segregated confinement at the MCC will not solve the security concerns. Nor does the Government explain why security concerns are any less problematic at the remote alternative custodial facilities it proposes.

The Court finds BOP officials acted improperly by initiating unauthorized *ex parte* contact with the Court's Chief Judge and urging him to alter or repudiate the lawful sentence pronounced by the undersigned judge. BOP officials failed to inform either the undersigned judge or counsel

for the Defendant of the *ex parte* contact until after it occurred.  The Chief Judge properly rejected BOP's improper contact and informed the undersigned that it had occurred.

The Court finds BOP has unreasonably refused to attempt to execute the Court's lawfully pronounced sentence.  BOP's actions have prejudiced the Defendant, who expected the sentence to be carried out, not flouted, thwarted, and evaded.  The Court further finds that the actions of BOP officials in initiating *ex parte* contact with the Chief Judge violated the Defendant's due process rights.  The Court concludes that a sanction is warranted to deter similar misconduct by the BOP in the future.  The Defendant having voluntarily withdrawn his guilty plea, the Court finds that dismissing this case is an appropriate and justified sanction.  The Court may order dismissal with or without prejudice.  Having considered the entire record in this case and the nature and extent of BOP's misconduct, the Court finds that dismissal with prejudice is warranted.

**IT IS SO ORDERED**.

Date:  April 22, 2024

Honorable Larry A. Burns
United States District Judge